# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| FRANK D. MONSEGUE, Sr., ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV416-021 |
| ) | CR414-019 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Movant Frank Monsegue, proceeding *pro se*, moves under 28 U.S.C. § 2255 to vacate the sentence this Court imposed following his guilty plea to wire fraud conspiracy, theft of government property, and aggravated identity theft. Doc. 116;[1] *see* docs. 3 (indictment), 29 (superseding indictment), 109 (minute entry), 110 (judgment for 87 months' imprisonment), 111 (signed post-conviction certification declining to appeal conviction). He claims that numerous errors by the Court, Government, and his attorney resulted in a significantly higher sentence than he would have otherwise received. *See* doc. 116.

---

[1] The Court is citing to the criminal docket in CR414-019 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

I.  BACKGROUND

Movant seeks, essentially, to relitigate the case that he nearly took to trial. He argues, among other things, that his plea was made unknowingly and involuntarily and that counsel was deficient. Though he contends otherwise, the record shows that Monsegue was provided with quite a bit of information prior to his conviction. At his initial appearance hearing, movant affirmed he had received a copy of the indictment, the Court reviewed the charges against him, and movant represented that he understood the charges he was facing. Doc. 118 at 3-7. Although Monsegue initially chose to plead not guilty, docs. 119 & 120, he changed his mind midway through voir dire of the jurors for his trial. Doc. 121 at 17 (counsel gave a note to the Court indicating that movant "now wishes to change his plea."). He then vacillated again, *see* doc. 125 at 6 ("Your Honor, we do not have an agreement. The defendant has changed his mind."), because he was "not prepared" to be taken immediately into custody, *id.* at 7, but after counsel conferred again on the proposed plea agreement, Monsegue (again) elected to enter a last-minute plea of guilt while the empaneled jury waited in the wings. Doc. 75 (Rule 11 hearing) at 4.

At his plea hearing, the Court reviewed the charges in the initial and superseding indictment, and confirmed Monsegue had reviewed the charges with counsel and understood what the Government would have to prove to convict him of those charges. Doc. 75 at 8, 13-17. The Court then explained the rights he was giving up by pleading guilty, including the rights to a trial, to put forth a defense, and to remain silent. Movant swore that he understood. *Id.* at 10-11.

The Court also explained the possible sentences he could face for pleading guilty and that he would be sentenced under the advisory Sentencing Guidelines. Monsegue testified that counsel had gone over the Guidelines information with him and that he understood. Doc. 75 at 17-19. He represented to the Court that he had not been forced or pressured into pleading guilty (*id.* at 21 & 24), that he was pleading guilty because he was, in fact, guilty (*id.* at 22), and that he was satisfied with his attorney's representation (*id.* at 13).

The Court concluded that Monsegue understood "the substance and meaning of the charges, the consequences of his plea, and the facts which the Government must prove and which, by his plea of guilty, admits all the essential elements of the offense." Doc. 75 at 24. It

further concluded that he had "engaged in this proceeding with intelligence and competence" and that he had "offered his plea of guilty as a matter of his own free choice." *Id.*; *see also id.* at 5 (cautioning Monsegue that "if you ever seek to undo or set aside what occurs here today, you're going to be confronted by the answers you give me"); *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Spitzer*, 785 F.2d 1506, 1514 n. 4 (11th Cir. 1986) ("[I]f the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely.").

Vacillating yet again, Monsegue unsuccessfully attempted to withdraw his guilty plea several times. He also missed his sentencing hearing (apparently due to counsel's failure to notify him), and fled to New York when a bench warrant was issued for his arrest. *See* doc. 122 at 7-10, 19-20. The Court sentenced him to 87 months, with credit for time served, and ordered $432,583.86 in restitution to the Internal Revenue Service, to be paid jointly and severally with his codefendant. *Id.* at 24.

4

## II. ANALYSIS

Monsegue presents three categories of claims: (1) pre-plea claims, (2) post-plea and sentencing errors, and (3) ineffective assistance of counsel. Doc. 116.[2] All of them fail.

Four sets of governing principles must be applied here. First, Monsegue "bears the burden of establishing the need for § 2255 relief, as well as that of showing the need for an evidentiary hearing." *Mikell v. United States*, 2011 WL 830095 at * 2 (S.D. Ga. Jan. 26, 2011); *see also Williams v. Allen*, 598 F.3d 778, 788 (11th Cir. 2010). He thus

---

[2] In order (and as best the Court can discern) Monsegue presents 20 claims for relief: (1) that no arrest warrant was presented at the time of arrest or since; (2) the arraignment proceedings were improper; (3) the summons used to obtain his bank records was invalid; (4) he was not given a copy of the indictment when he was taken into custody; (5) counsel failed to challenge "any" of the governments allegations; (6) his guilty plea was the result of coercion; (7) the probation office "knowingly" inserted "false statements and lies" on his PSR; (8) the Court erred in issuing a bench warrant after Monsegue failed to appear for his sentencing hearing; (9) counsel failed to challenge the government's use of "sophisticated tracking software on [his] banking activities without legal authority or court approval"; (10) an unidentified *Brady* violation; (11) charges were brought outside the 5-year limitations period set forth in 18 U.S.C. § 3282; (12) sentence calculation errors; (13) that movant only failed to object on the record at sentencing due to "time" pressures; (14) the Court erred by considering "participants" in his tax fraud scheme as "victims" for enhancement purposes; (15) counsel failed to submit a motion for withdrawal of Monsegue's guilty plea post-sentencing; (16) counsel failed to argue that his initial appearance should have been in (or adjacent to) the (unnamed) district where he was arrested; (17) more sentence calculation errors; (18) that the indictment and sentence named the same statute, 18 U.S.C. § 641, but called it slightly different names; (19) the Court erred in its restitution and victim enhancement calculations; (20) he was denied his right to a Speedy Trial. Doc. 116.

must demonstrate that any claimed error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quotes and cite omitted).

Second, any claims not raised on direct appeal are procedurally defaulted, *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004), though claims of ineffective assistance of counsel (IAC)[3] generally are not. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Third, "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Lalani v. United States*, 315 F. App'x 858, 860-61 (11th Cir. 2009).

And fourth, a defendant who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior* to the entry of

---

[3] In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added). That is, "[a] defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003). The bar applies both on appeal and on collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional guilty plea' in accordance with Federal Rule of Criminal Procedure 11(a)(2)." *Pierre*, 120 F.3d at 1155.

Defendants who have entered an unconditional guilty plea therefore may challenge their pre-plea constitutional claims only by showing that the advice they received from counsel undermined "the voluntary and intelligent character of the plea." *Tollett*, 411 U.S. at 267. This includes

> defects in the procedure by which the plea was received or circumstances which make the plea other than voluntary, knowing and intelligent. It also includes cases where the guilty plea was induced through threats, misrepresentations, or

7

improper promises, such that the defendant cannot be said to have been fully apprised of the consequences of the guilty plea. . . .

*Mikell*, 2011 WL 830095 at \*2 (cites and quotes omitted). Otherwise, all substantive claims that could have been raised before the plea, such as suppression-based claims, are waived. *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) ("By entering a knowing, voluntary, intelligent guilty plea on the advice of competent counsel, [petitioner] has waived all nonjurisdictional complaints . . . [such as] claims regarding *Miranda* warnings, coerced confessions, perjury and illegal searches and seizures. . . ."); *Washington v. United States*, 2010 WL 3338867 at \* 15 (S.D. Ala. Aug.5, 2010) (collecting Eleventh Circuit cases denying habeas relief on suppression-based IAC claims and concluding that, "[b]ecause all of Washington's asserted claims of ineffective assistance of counsel relate to the suppression issue, the denial of which has been waived . . . they have been waived by petitioner's entry of a knowing and voluntary plea. . . .").

### A. Pre-Plea Claims

Monsegue's various challenges to the Government's evidence, warrants, and indictments were all waived by the entry of his guilty plea. *Haring v. Prosise*, 462 U.S. 306, 321 (1983) ("[A] counseled plea of

8

guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case."). Monsegue, who pled guilty unconditionally, cannot litigate his pre-plea, non-jurisdictional claims masquerading as an IAC claim, since he gave up that right in return for the Government's agreement to drop the remaining counts against him. *See Mikell*, 2011 WL 830095 at *3. So, he has instead attacked his guilty plea, doc. 116, by alleging that the advice counsel gave him undermined "the voluntary and intelligent character of [his] plea." *Tollett*, 411 U.S. at 267; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Movant, however, is bound by his sworn testimony. Doc. 75 at 5 (cautioning Monsegue he would be held to his word); *Blackledge*, 431 U.S. at 73-74 ("Solemn declarations in open court carry a strong presumption of verity."). He swore under oath that no one, *including his attorney*, had made him any promises not contained in that agreement. Doc. 75 at 22. He also swore that he fully understood the rights he was giving up by entering a guilty plea, the possible sentence he faced, and was fully satisfied with counsel's performance. *Id.* at 11, 13 & 17-18. When asked whether he was pleading guilty to the reduced

9

counts, because he was "in fact, guilty," Monsegue answered yes. *Id.* at 22.

Though he may have harbored doubts about just how much the Government could actually prove against him or whether its case was vulnerable to attack, his solemn declarations before the Court carry a presumption of verity and rightly constitute a formidable barrier for him to overcome in these collateral proceedings. *Blackledge*, 431 U.S. at 74; *Rasco v. United States*, 2014 WL 10754131 at * 1-2 (S.D. Ga. Sept. 3, 2014) (Rasco's guilty-plea transcript "negates [his] claim that counsel 'coerced' him and 'altered' the plea agreement that he signed."). Monsegue falls far short of overcoming that barrier.

A "§ 2255 action is not designed to account for buyer's remorse." *Falgout v. United States*, 2013 WL 3712336 at * 6 (N.D. Ala. July 12, 2013). And that is all that is at issue here. *Nelson v. United States*, 2015 WL 4756975 at * 1 (S.D. Ga. Aug. 11, 2015) ("Nelson has wasted this Court's time with a 'buyer's remorse' filing. He chose to plead guilty with full knowledge of the consequences. Now he must live with those consequences."). Monsegue's plea was knowingly and voluntarily made, and part of that plea agreement included the waiver of all pre-

plea claims, including claims 1-4, 8-11,[4] and his Speedy Trial Act claim. Doc. 75 at 12; *see Tollett*, 411 U.S. at 267 ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (the right to a speedy trial is non-jurisdictional and is waived by the entry of a guilty plea).

---

[4] Monsegue's allegations also fail on the merits. For example, his claim that counsel failed to send him a copy of the PSR is contradicted by the record. *See* doc. 122 at 5 (affirming that he had an opportunity to read and discuss the PSR and addendums with counsel prior to sentencing, and that he had no objections to the facts set forth in the PSR or application of the sentencing guidelines). His claim that the subpoena for his bank records violated his privacy rights fails as a matter of law. *See United States v. Centennial Builders, Inc.*, 747 F.2d 678, 683 (11th Cir. 1984 ("An Internal Revenue summons directed to a third party bank or accountant does not violate the Fourth Amendment rights of a taxpayer under investigation since the records belong to the summoned party and not the taxpayer: the taxpayer has no privacy interest in the documents."); *see also United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (counsel is not ineffective for failing to raise meritless arguments). And his allegation that the charges exceeded the 5-year statute of limitations is hogwash. *See* doc. 3 (original indictment returned February 6, 2014, alleging wire fraud conspiracy and aggravated identify theft beginning (*less than* five years before on) February 25, 2009 and continuing through June 23, 2011); doc. 29 (superseding indictment returned March 5, 2014); *see also United States v. Harrison*, 329 F.3d 779, 783 (11th Cir. 2003) (the Government need only prove that the conspiracy continued into the limitations period); *United States v. Ratcliff*, 245 F.3d 1246, 1253 (11th Cir. 2001) (a superseding indictment brought after the limitations period has expired is valid where the original indictment was timely, is still pending, and is not substantially narrower than the superseding indictment).

## B. Plea Proceeding and Sentencing Claims

Movant's post-plea claims are procedurally defaulted because he did not raise them on direct appeal. *Lynn*, 365 F.3d at 1234 (a movant may not use his collateral attack as "a surrogate for a direct appeal."). He has also not shown cause and prejudice sufficient to defeat this procedural bar. *See United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005) (to excuse the procedural bar, a § 2255 movant must "demonstrate a cause for [her] default and show actual prejudice suffered as a result of the alleged error.").

They also fail on the merits. Monsegue first contends that the PSR contained false statements about his codefendant, who pled guilty to an information in May 2014 and was sentenced to seven months' imprisonment and one year of supervised release on March 18, 2015. PSR at 2. He argues that the fact that his codefendant was in state custody in August 2014 and had a baby in November 2014 somehow renders these dates impossible. Doc. 116 at 16 ("Defendant believes that her activities could not have been done while in custody. Either the government lied, or a baby wasn't born."). The claim is nonsensical: the fact that Campbell was in state custody in the fall of 2014 does not

contradict her entry of a guilty plea in May 2014 or sentencing in March 2015. *See United States v. Campbell*, No. CR414-123 (S.D. Ga. Mar. 18, 2015). The information was not erroneous, so counsel had no reason to object to its inclusion in the PSR.

Monsegue next claims that he was sentenced under duress, coercion, and other pressure from the Government and his attorney. He was given the opportunity to air his objections and report any alleged coercion at sentencing, however, and he didn't. Doc. 122 at 5 (admitting the factual accuracy of the PSR and application of the Sentencing Guidelines), 15-21 (movant's personal statement to the Court). More to the point, he contends that the coercion (and IAC) is somehow proven by the absence of a written plea agreement -- there was no written plea agreement because Monsegue waited until the 11th hour, with jurors selected and counsel for both sides ready to try his case, to accept, then reject, then accept the Government's offered plea. He was not entitled to a copy of a plea agreement that didn't exist (until he changed his mind, yet again) *before* he changed his mind to plead guilty.

Monsegue also contends that counsel was deficient for failing to move to withdraw his guilty plea. This claim, too, is contradicted by the

13

record. *See* doc. 77 (motion to withdraw guilty plea) & 78 (order denying motion on the merits); *see also* doc. 116 at 42 (admitting counsel filed the motion). Counsel filed the motion pursuant to Monsegue's wishes; that the Court disagreed does not render her performance deficient.

Finally, movant contends a variety of sentencing errors occurred: he should have received a 2-level decrease for acceptance of responsibility; counsel failed to contest the 14-level enhancement for the loss amount, the 2-level enhancement for the number of victims, and the 2-level enhancement for obstruction; he was sentenced under the wrong Sentencing Guideline; and the amount of restitution and number of victims are far higher than they should be. Doc. 116 at 17, 21-25. These claims are procedurally defaulted, *Lynn*, 365 F.3d at 1234 (a collateral attack is not "a surrogate for a direct appeal."), and are not cognizable in a § 2255 motion, *Martin v. United* States, 81 F.3d 1083, 1084 (11th Cir.1996) ("Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255."); *Mamone v. United States*, 559 F.3d 1209, 1211 (11th

Cir. 2009) (restitution cannot be challenged in a § 2255 motion). His challenge to his bail forfeiture, too, is not cognizable in a § 2255 motion. Doc. 116 at 37-38. *See United States v. Harris*, 546 F. App'x 898, 901 (11th Cir. 2013) (§2255 claims do "not offer relief from the non-custodial features of a criminal sentence.").

In sum, all of Monsegue's claims fail.

## III. CONCLUSION

Frank Monsegue, Sr.'s 28 U.S.C. § 2255 motion (doc. 116) therefore should be **DENIED**.[5] His various motions demanding release under 18 U.S.C. § 3145(B)[6] (docs. 126, 132 & 133), are plainly frivolous and are **DENIED**. For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C.

---

[5] Because Monsegue's motion is entirely without merit and his contentions are unambiguously contradicted by the record, his request for an evidentiary hearing is **DENIED**. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (a hearing is unnecessary "if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'"); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (same); *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

[6] 18 U.S.C. § 3145(b) concerns *detainment* of a person pursuant to Court order. It has nothing to do with a convicted, incarcerated felon seeking habeas relief.

§ 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." **Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.**

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  24th  day of March, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA