# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| FRANK D. MONSEGUE, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | CV416-021 |
| | ) | CR414-019 |
| UNITED STATES, | ) ) | |
| Respondent. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Long after his initial motion to vacate his sentence was denied on the merits, CR414-019, docs. 136 & 142, *see also* docs. 153 (denying certificate of appealability) & 166 (denying writ of *certiorari*), and after swinging at relief under specious theories of civil rights theories attendant to his federal criminal prosecution, CV418-239, docs. 10 & 13, Monsegue is back and seeks to amend his initial 28 U.S.C. § 2255 motion. Doc. 172. Monsegue contends he has discovered new evidence to relitigate the claims already denied on the merits. *Id.* at 172 at 3-5.

This motion, however, is nothing more than a "thinly veiled attempt to circumvent the limitation on second or successive motions." *United States v. Middleton,* 2013 WL 5671161 at *1 (N.D. Fla. Oct. 17, 2013). The Court thus lacks jurisdiction to entertain it.

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).

Monsegue has not received authorization from the Eleventh Circuit to file a successive motion. This Court thus lacks jurisdiction to consider his motion. *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); s*ee also Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003) ("when a federal prisoner's

claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions"). Monsegue's motion to "amend/reopen" his § 2255 motion is therefore **DENIED**, and his successive § 2255 motion should be **DISMISSED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this <u>3rd</u> day of July, 2019.

<br>

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA